UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDUARDO TORAL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-2211-MMM |
| | ) |
| . REICH DENTIST, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action for deliberate indifference to his serious dental needs at the Danville Correctional Center ("Danville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### MATERIAL FACTS

On May 27, 2021 Plaintiff was transferred from the Stateville Correctional Center to Danville. Plaintiff was seen by a nurse during the intake procedure, complaining that he had two severely infected wisdom teeth, one on the left side of his mouth and the other on the right. Plaintiff claims, in fact, that each wisdom tooth had a large hole in it, and at least as to the left,

pus and blood had been leaking from it since April 9, 2021. The unidentified nurses provided Plaintiff ibuprofen and antibiotics and referred him to be seen by the facility dentist.

Plaintiff pleads that from June 2021 through August 2021, he was seen by the Defendant dentist, Dr. Reich at least six times. On each of these occasions, Plaintiff complained that he was in pain and that the ibuprofen and antibiotics were not working. He claims, also, that the infection in the right wisdom tooth had spread to an adjacent tooth, infecting it as well. On August 6, 2021, Defendant extracted the left wisdom tooth but not the right tooth or the one next to it. Defendant told Plaintiff that he would need to wait until he was released on October 7, 2021, at which time he could have the other tooth extracted by an outside dentist.

Plaintiff alleges that Defendant was deliberately indifferent in delaying the removal of the left tooth and in completely failing to remove the two teeth on the right. Plaintiff believes Defendant Reich acted in an attempt "to run out the clock" so that Plaintiff would be discharged and have to seek dental care outside of IDOC. Plaintiff alleges that, as a result, he suffered and continues to suffer excruciating pain, sleep deprivation and difficulty eating. Plaintiff requests compensatory and punitive damages. In addition, he requests injunctive relief, an order that Defendant Reich extract the other two teeth, notwithstanding that Plaintiff is no longer in IDOC custody.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). As to dental care, the Seventh Circuit has held "dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). A dental condition may be "objectively serious" if the failure to treat it causes an inmate to suffer tooth

decay, gum disease, headaches, extreme pain, bleeding, and problems eating. *Id.* at 593. The failure to address readily treatable pain may also evidence deliberate indifference. *Petties v. Carter*, 836 F.3d 772, 730 (7th Cir. 2016), *as amended* (Aug. 25, 2016).

Here, Plaintiff states a colorable claim against Defendant Reich for failing to timely treat his infected teeth and failure to provide adequate antibiotic and pain medication.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the identified deliberate indifference claim against Defendant Dr. Reich. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff files [4], a motion for recruitment of pro bono counsel but does not document that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55(7th Cir. 2007). [4] is DENIED at this time. If Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. The Clerk is directed to send to Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding

address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to Defendant or to Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

  11/15/2021                                         s/Michael M. Mihm
ENTERED                                              MICHAEL M. MIHM
                                                       UNITED STATES DISTRICT JUDGE